UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL BARRETT BOESEN,

                              Plaintiff,

              v.                                          1:20-CV-354
                                                          (FJS/CFH)
DIMORO ENTERPRISES, LLC,

                              Defendant.
_____

APPEARANCES                        OF COUNSEL

LIEBOWITZ LAW FIRM, PLLC           RICHARD LIEBOWITZ, ESQ.[1]
11 Sunrise Plaza, Suite 301
Valley Stream, New York 11580
Attorneys for Plaintiff

DIMORO ENTERPRISES, LLC            NO APPEARANCE
Defendant

SCULLIN, Senior Judge

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

        Pending before the Court is Plaintiff's motion for entry of a default judgment against

Defendant in the amount of $5,000.00 in actual damages under 17 U.S.C. § 504(b), $2,500.00 in

---

[1] Pursuant to an Opinion and Order dated June 26, 2020, in *Usherson v. Bandshell Artist Mgmt.*, No. 19-CV-6368 (S.D.N.Y.) (Furman, J.), the court imposed monetary and non-monetary sanctions against Plaintiff's counsel, which included, the direction that, "within seven days of the date of this Opinion and Order," "Mr. Liebowitz and his firm shall file a copy of this Opinion and Order on the docket of any currently pending case that was brought by Mr. Liebowitz or his firm and Mr. Liebowitz shall file a declaration attesting to the same on ECF[.]" *See* Dkt. No. 15 at 54. Mr. Liebowitz filed the Opinion and Order as instructed, with a note in which he stated that he "strongly contest[ed] Judge Furman's factual findings and legal conclusions, and ha[d] appealed the Opinion and Order to the United States Court of Appeals for the Second Circuit." *See* Dkt. No. 15. According to the Second Circuit's docket, that appeal is pending.

attorney's fees under the Court's inherent power, and $440.00 in costs under Rule 54(d)(1) of the Federal Rules of Civil Procedure.  *See* Dkt. No. 9 at 1.

## II. BACKGROUND

Plaintiff brings this action for copyright infringement under Section 501 of the Copyright Act.  *See* Dkt. No. 1, Complaint, at ¶ 1.  Plaintiff, whose business is located in Denmark, is a professional photographer, who is in the business of licensing his photographs for a fee.  *See id.* at ¶ 5.  According to Plaintiff, Defendant owns and operates a website at 222.SportsRantz.com (the "Website").  *See id.*

Plaintiff alleges that he photographed tennis player Caroline Wozniacki, is the author of that photograph (the "Photograph"), and at all times has been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.  *See id.* at ¶ 8.  Furthermore, Plaintiff asserts that he registered the Photograph with the United States Copyright Office and was given Copyright Registration Number VA 2-190-386.  *See id.* at ¶¶ 8-9.

According to Plaintiff this action arises out of Defendant's unauthorized reproduction and public display of the copyrighted Photograph.  *See id.* at ¶ 1.  Specifically, Plaintiff alleges that Defendant ran an article on the Website entitled *Caroline Wozniacki Retiring After 2020 Australian Open*, which featured the Photograph.  *See id.* at ¶ 10 (citing https://sportsrantz.com/2019/12/06/caroline-wozniacki-retiring-after-2020-australian-open/).  Plaintiff alleges that Defendant did not license the Photograph from him for its article nor did Defendant have his permission or consent to publish the Photograph on its Website.  *See id.* at ¶ 11.

Based on these allegations, Plaintiff asserts a claim for copyright infringement pursuant to 17 U.S.C. §§ 106, 501. *See id.* at ¶¶ 12-16. Plaintiff seeks, among other things, relief in the form of actual damages and Defendant's profits, gains or advantage of any kind attributable to Defendant's infringement of the Photograph, and attorney's fees and costs.

## III. DISCUSSION

### A. Standard of review

Rule 55(a) of the Federal Rules of Civil Procedure, which governs the procedure for entry of a default judgment, provides that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Thus, courts in the Second Circuit have established a two-step process: "first, the entry of a default, and second, the entry of a default judgment." *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (citing *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)). "The entry of default 'formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff.'" *Pasatieri v. Starline Prods., Inc.*, No. 18-CV-4688 (PKC) (VMS), 2020 WL 207352, *1 (E.D.N.Y. Jan. 14, 2020) (quoting [*Mickalis Pawn Shop, LLC*, 645 F.3d at 128]); (citing *Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) (noting that default judgments "track[] the ancient common law axiom that a default is an admission of all well-pleaded allegations against the defaulting party"); *United States v. DiPaolo*, 466 F. Supp. 2d 476, 482 (S.D.N.Y. 2006) ("[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability." (internal quotation and citations omitted))).

"[T]he decision to grant a motion for a default judgment lies in the sound discretion of the trial court." *O'Callaghan v. Sifre*, 242 F.R.D. 69, 73 (S.D.N.Y. 2007) (citing *Shah v. New York State Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999)).  When deciding a motion for default judgment, the court "is required to accept all of the [plaintiff's] factual allegations as true and draw all reasonable inferences in its favor." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (noting that, where a party moves for a default judgment after another party's default, the moving party is "entitled to all reasonable inferences from the evidence offered")).  However, "a district court 'need not agree that the alleged facts constitute a valid cause of action.'" *Mickalis Pawn Shop, LLC*, 645 F.3d at 137 (quoting *Au Bon Pain*, 653 F.2d at 65).  Therefore, the court must "determine whether [a plaintiff's] allegations establish [a defendant's] liability as a matter of law." *Finkel*, 577 F.3d at 84 (citation omitted).

## B.    Liability

Plaintiff brings this action for copyright infringement under Section 501 of the Copyright Act.  *See* Dkt. No. 1 at ¶ 1.  To establish infringement of a copyright under the Act, a plaintiff must prove two elements: "'(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *BWP Media USA Inc. v. Polyvore, Inc.*, 922 F.3d 42, 61 (Newman, J., concurring in the result) (quoting *Feist Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991)).

Ownership of a valid copyright "'can be established by the introduction into evidence of a Copyright Office certificate of registration,'" which "'if timely obtained "constitute(s) prima facie evidence of the validity of the copyright and of the facts stated in the certificate."'" *Sheldon v.*

*Plot Commerce*, No. 15 CV 5885 (CBA) (CLP), 2016 WL 5107072, \*11 (E.D.N.Y. Aug. 26, 2016) (quotation omitted), *report and recommendation adopted*, 2016 WL 5107058 (E.D.N.Y. Sept. 19, 2016).

To establish the second element, a plaintiff must meet a "minimal" burden to show that the photograph in question is his original work and allege a violation of his exclusive right under § 106. *See id.* "The requirements for originality are 'modest.'" *Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*, 206 F. Supp. 3d 869, 896 (S.D.N.Y. 2016) (quoting *Weissmann v. Freeman*, 868 F.2d 1313, 1321 (2d Cir. 1989)). As used in copyright cases, the term "'original . . . means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity.'" *Id.* (quoting *Feist*, 499 U.S. at 345, 111 S. Ct. 1282 (citation omitted)). For photographs, originality "may be founded upon, among other things, the photographer's choice of subject matter, angle of photograph, lighting, determination of the precise time when the photograph is to be taken, the kind of camera, the kind of film, the kind of lens, and the area in which the pictures are taken." *E. Am. Trio Prods., Inc. v. Tang Elec. Corp.*, 97 F. Supp. 2d 395, 417 (S.D.N.Y. 2000) (footnote omitted).

Plaintiff did not submit the Certificate of Registration for the Photograph. Therefore, the Court finds that he has failed to satisfy the first element of his copyright infringement claim, *i.e.*, his ownership of a valid copyright. Accordingly, the Court denies his motion for entry of a default judgment. However, the Court does so without prejudice and with leave to renew the motion to include the necessary documentation to establish his claim for copyright infringement under the Copyright Act.

C.      **Actual damages, attorney's fees and costs**

Since the Court has denied Plaintiff's motion for entry of a default judgment, it does not need to address the issues of damages, attorney's fees and costs.  However, because there are some problems with Plaintiff's submissions regarding these issues, the Court will address them here so that, if Plaintiff decides to renew his motion, he is aware of and can cure the problems that exist with regard to these issues.

*1. Actual damages*

An award of actual damages "undertakes to compensate the [copyright] owner for any harm he suffered by reason of the infringer's illegal act."  *On Davis v. The Gap, Inc.*, 246 F.3d 152, 159 (2d Cir. 2001) (citations omitted).  Section 504(b) of the Act, which applies to actual damages, provides, in relevant part, that "[t]he copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages."  17 U.S.C. § 504(b).

In his complaint, Plaintiff alleges that, "as a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits . . . for the infringement."  *See* Complaint at ¶ 16.  Upon Defendant's default, Plaintiff's counsel, in his declaration, states that Plaintiff is seeking actual damages to compensate him for his "lost licensing fees" and "Defendant's ill-gotten gains," *i.e.*, Defendant's profits, *see* Dkt. No. 9-1 at ¶¶ 13-14, as well as "attorneys' fees and costs," *see id.* at ¶¶ 16-18.

"Courts have adopted a wide range of methods by which to measure actual damages in copyright infringement actions, including the award of lost licensing fees . . . ."  *Antenna*

*Television, A.E. v. Aegean Video Inc.*, No. 95-CV-2328 (ERK), 1996 WL 298252, *3 (E.D.N.Y. Aug. 23, 1996) (citations omitted). To calculate an award for licensing fees, courts in the Second Circuit rely on "the market value of the fee the owner was entitled to charge for such use." *On Davis*, 246 F.3d at 165; *see also Sheldon*, 2016 WL 5107072, at *14-*15 (applying *On Davis* to award actual damages in an amount "representing the licensing fees [the plaintiff] would have received from [the defendant] for the licensing of [plaintiff's photograph]"). A claim for actual damages must be "reasonable according to typical market values." *Sheldon*, 2016 WL 5107072, at *14; *see also Renna v. Queens Ledger/Greenpoint Star Inc.*, No. 17-CV-3378 (DRH) (SIL), 2019 WL 1061259, *4 (E.D.N.Y. Feb. 13, 2019) (stating that "'some reasonable basis for computation [of actual damages] has to be used, even though the calculation may only be approximate'" (quotation omitted)). Thus, an award of actual damages "'may not be based on "undue speculation."'" *Renna*, 2019 WL 1061259, at *4 (quotation omitted).

Plaintiff seeks actual damages in the amount of $5,000.00, of which $2,500.00 is for lost licensing fees. *See* Dkt. No. 9-1 at ¶¶ 13-14. After noting, correctly, that "the fair market value of the Photograph is what Plaintiff would have been reasonably entitled to charge had Defendant contacted her [sic] to obtain permission[,] Plaintiff's counsel avers, without any supporting documentation, that Plaintiff "estimates that he would have been entitled to charge up to $2,500.00 for use of the Photograph in the manner used by Defendant." *See id.* at ¶ 13.

As the court noted in *Pasatieri*, "[t]his is precisely the sort of undue speculation that courts have cautioned against, as Plaintiff has failed to submit any documentary evidence – such as invoices for Plaintiff's past licensing fees for his photographs or the Photograph itself – that would support his estimate of $2,500 as the lost licensing fee for the Photograph." *Pasatieri*,

2020 WL 207352, at *4.[2]  Plaintiff's single bald statement clearly does not provide a sufficient or competent basis on which the Court can rely to determine the fair market value of the licensing fee for the Photograph because Plaintiff's submissions "contain no points of reference that even hint at an appropriate fair market value for the licensing fee Plaintiff could or would have charged Defendant for its use of the Photograph."  *Id.*

With regard to Defendant's profits, for which Plaintiff seeks $2,500.00, Plaintiff merely states that, "[b]ecause Defendant has defaulted, it is unknown what profits Defendant generated from exploitation of the Photograph."  *See* Dkt. No. 9-1 at ¶ 14.  However, he provides no basis for his estimate that these profits equal $2,500.00.  Rather, as he did in *Pasatieri*, Plaintiff's counsel merely states that "an award of actual damages in a copyright infringement case 'should be broadly construed to favor victims victims [sic] of infringement.'"  *See id.* (quoting *On Davis*, 246 F.3d at 164 (citing, *inter alia*, William F. Patry, *Copyright Law and Practice* 1167 [1994] ("Within reason, any ambiguities should be resolved in favor of the copyright owner.")))  Thus, as was the case with Plaintiff's request for lost licensing fees, the Court has no basis on which to rely to award Plaintiff $2,500.00 in Defendant's profits from its use of the Photograph.  *See Romanowicz v. Alister & Paine, Inc.*, No. 17-CV-8937 (PAE) (KHP), 2018 WL 4762980, *5 (S.D.N.Y. Aug. 3, 2018) (stating that, although "it is true that a plaintiff can recover a defendant's profits from the use of the photograph, Plaintiff does not provide any information from which the Court could reliably ascertain such profits, if any" and, therefore, awarding only actual damages for copyright infringement in an amount "appropriate based on the fee [plaintiff] charged for a similar image" and declining to award damages for Defendant's profits), *report and recommendation adopted*, 2018 WL 4759768 (S.D.N.Y. Oct. 1, 2018)).

---

[2] Mr. Liebowitz, who represents Plaintiff in this case, also represented the plaintiff in *Pasatieri*.

The Court advises Plaintiff that, if he renews his motion for entry of a default judgment and seeks lost licensing fees and/or Defendant's profits, he must provide documentary evidence that provides "some reasonable basis for his computation[s]." *Renna*, 2019 WL 1061259, at *4 (internal alterations, quotation, and citation omitted).

### *2. Costs*

In his Notice of Motion, Plaintiff states that he is seeking "$440.00 in costs under Fed. R. Civ. P. 54(d)(1)." *See* Dkt. No. 9 at 1.  However, in his declaration, Plaintiff's counsel states that Plaintiff is seeking "$440.00 in costs under 17 U.S.C. § 505." *See* Dkt. No. 9-1 at ¶ 16.  Since this is a copyright infringement action, "the Court's discretion to award costs is governed by § 505 of the Act rather than the more general cost-shifting provision." *Pasatieri*, 2020 WL 207352, at *5 (citing *Barrera v. Brooklyn Music, Ltd.*, 346 F. Supp. 2d 400, 404-05 (S.D.N.Y. 2004)).

Section 505 of the Act provides as follows:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof.  **Except as otherwise provided by this title**, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505 (emphasis added).

Since the Court has denied Plaintiff's motion for entry of a default judgment and his request for damages, the Court declines to exercise its discretion to award Plaintiff costs at this time.  The Court will re-evaluate this request if Plaintiff renews his motion and submits evidence to establish his claim for copyright infringement and to support his request for an award of actual damages.  *See Pasatieri*, 2020 WL 207352, at *5 (comparing *Renna*, 2019 WL 1061259, at *4

(not reaching the analysis of costs where plaintiff did not provide adequate documentation to support his request for actual damages), *with Renna v. Queens Ledger/Greenpoint Star Inc.*, No. 17-CV-3378 (DRH) (SIL), 2019 WL 5458798, at *3 (E.D.N.Y. Oct. 2, 2019) (reaching the matter of Plaintiff's costs after granting an award of actual damages), *report and recommendation adopted*, 2019 WL 5457735 (E.D.N.Y. Oct. 24, 2019)).

### 3. Attorney's fees

Plaintiff requests an award of attorney's fees pursuant to the Court's inherent power.  In support of this request, Plaintiff's counsel asserts in this declaration that his firm "specializes in copyright enforcement of photographs and videos" and that he, "personally[, has] filed over a thousand copyright infringement lawsuits in S.D.N.Y. and E.D.N.Y. since January 2016 and ha[s] thereby developed an expertise in the field." *See* Dkt. No. 9-1 at ¶ 17.  Plaintiff's counsel also states that his current rate is $450.00 per hour. *See id.*[3]

Plaintiff's counsel asserts that he expended 1.5 hours "review[ing] case file in preparation for filing; conduct[ing]  due diligence re: copyright infringement"; 1.5 hours "draft[ing] and fil[ing] complaint"; 0.5 hours "process[ing] service of summons and complaint"; 0.5 hours "request[ing] Clerk's Entry of Default"; and 2.0 hours "draft[ing] and research[ing] application for default judgment, including attorney declaration." *See id.* at ¶ 18.

---

[3] The Court is not quite sure what counsel's actual hourly rate is.  In paragraph 17 of his Declaration, cited above, counsel states that his current hourly rate is $450.00. *See* Dkt. No. 9-1 at ¶ 17.  However, in the very next paragraph, he states that his "hourly rate of $425" is "'well below what other courts in this district have found as reasonable' for partners." *See id.* at ¶ 18 (quotations omitted).  Furthermore, the Court notes that, although counsel refers to "this district" in paragraph 18, the cases he cites to support that statement are all cases from the **Southern District of New York**. *See id.*

The Court is somewhat skeptical of the times allotted for these tasks given Plaintiff's counsel's assertion that he has personally filed more than 1,000 copyright infringement lawsuits since January 2016.  First, although counsel states that he expended 2.0 hours drafting and researching the application for default judgment, all that is involved in the "application for default judgment" is the attachment of certain documents to that application.  Furthermore, Plaintiff's counsel's declaration consists of twenty-two paragraphs, most of which repeat the allegations in the complaint.  In addition, the cases that Plaintiff cites, other than the cases to support his request for attorney's fees, none of which are cases in this District, are not very recent, *i.e.*, the most recent decision is a Ninth Circuit decision from 2007, and most of the decisions are from the 1990s or earlier.  Finally, having reviewed the decisions in *Pasatieri* and *Adlife Mktg. & Comm'ns Co., Inc. v. Buckingham Bros., LLC*, No. 5:19-CV-0796 (LEK/CFH), 2020 WL 4795287 (Aug. 18, 2020), it is clear that Plaintiff's counsel's declaration – as well as the complaint – is mostly a "cut-and-paste" job.[4]

With regard to Plaintiff's counsel's hourly rate, the court in *Adlife Mktg. & Comm'ns Co., Inc.*, 2020 WL 4795287, found that "Liebowitz has used misleading citations in an attempt to recover an unjustifiable high hourly rate of attorney's fees."  *Id.* at *6.  Furthermore, the court

---

[4] As the court found in *Adlife Mktg. & Comm'ns Co., Inc.*, "the time LLF [Mr. Liebowitz's law firm] recorded for attorney hours is fraudulent and materially false.  Plaintiff's Motion and Liebowitz's Declaration are almost entirely copy-pasted from counsel's previous work."  *Id.* at *5 (citations omitted).  The court further noted that "Liebowitz alleged that it took seven hours to research, draft, and file documentation that had already been written, Liebowitz Decl. ¶ 20, in an apparent attempt to gouge Defendant for time and expenses his firm never spent."  *Id.*  The court also explained that, Judge Hurd had "recently identified a similar pattern in Liebowitz's filings . . . [noting] that Liebowitz 'recycles much of his filings – even his fee requests – from earlier cases,' and suggest[ing] that '[t]his evident redundancy casts significant doubt as to how much time he actually spent preparing his motions.'"  *Id.* (quoting *Sadowski v. Roser Communications Network, Inc.*, No. 19-CV-592, 2020 WL 360815, at *6 (N.D.N.Y. Jan. 22, 2020)) (other citations omitted).

noted that "Liebowitz is clearly aware that this rate [of $425 per hour] is incorrect in this District, as he has recently been corrected for asserting a rate of $425 based on S.D.N.Y. precedent." *Id.* at *7. (citing *Stridiron*, 2019 WL 2569863, at *4 (correcting Liebowitz for failing to cite to any N.D.N.Y. rates and concluding that he is entitled to a reasonable hourly rate of $120-150 based on the District's reasonable rate for any attorney with his experience)).  Thus, the court concluded that "Liebowitz has . . . exhibited bad faith in making this argument only a few months after being advised that it lacks any legal basis." *Id.*  Furthermore, the court noted that "multiple judges have adjusted Liebowitz's rate below even the prevailing rate for partners in N.D.N.Y. based on his preceding reputation and his limited experience, putting him on notice that his claim to be entitled to an abnormally high partner rate in this case is legally baseless for an additional reason." *Id.* (citations omitted).

Finally, although Plaintiff relies on the Court's "inherent power" as the basis for his request for attorney's fees, the Court is not aware of what "inherent power" Plaintiff is referring. Since this is a copyright infringement action, § 505 of the Act governs the award of attorney's fees and, as previously noted, § 505 provides that, "**except as otherwise provided by this title**, the court **may** . . . award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505 (emphasis added).  The Court also notes that, depending on what the Certificate of Registration indicates about when Plaintiff registered his copyright in the Photograph and when Defendant allegedly infringed on that copyright, Plaintiff may not be entitled to an award of attorney's fees in this case.  *See* 17 U.S.C. § 412 (which provides for exceptions to an award of attorney's fees under certain circumstances).

For all of the above-stated reasons, the Court denies Plaintiff's request for attorney's fees. If Plaintiff renews his motion for entry of a default judgment, the Court will determine whether

attorney's fees are warranted in this case.  Plaintiff should take heed of the courts' warnings in *Adlife Mktg. & Comm'ns Co., Inc.* and *Sadowski*, when submitting documentation in support of any such request.


## IV. CONCLUSION

Having reviewed the entire file in this matter, Plaintiff's submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for entry of a default judgment, *see* Dkt. No. 9, is **DENIED without prejudice and with leave to renew**; and the Court further

**ORDERS** that, if Plaintiff does not renew his motion for entry of a default judgment within **thirty (30) days** of the date of this Memorandum-Decision and Order, the Clerk of the Court shall close this case for failure to prosecute without further Order of this Court.

**IT IS SO ORDERED.**

Dated: October 5, 2020
      Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge

- 13 -