UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL BARRETT BOESEN,

                                  **Plaintiff,**

                    v.                                 1:20-CV-354
                                                                (FJS/CFH)

DIMORO ENTERPRISES, LLC,

                                  **Defendant.**
_____

**APPEARANCES**                                         **OF COUNSEL**

**BARSHAY SANDERS, PLLC**           **CRAIG B. SANDERS, ESQ.**[1]
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Attorneys for Plaintiff

**DIMORO ENTERPRISES, LLC**        **NO APPEARANCE**
Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    Pending before the Court is Plaintiff's second motion for entry of a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. *See* Dkt. No. 17.

---

[1] At the time that Plaintiff filed his second motion for entry of a default judgment, attorney Richard Liebowitz represented him. Shortly thereafter, Chief Judge Suddaby issued an Order, pursuant to Local Rule 83.4, suspending Mr. Liebowitz from practicing law in this Court effective immediately and terminating him as counsel for Plaintiff. *See* Dkt. No. 20. Approximately two weeks later, attorney Craig B. Sanders filed a Notice of Appearance on behalf of Plaintiff. *See* Dkt. No. 19. Mr. Sanders did not file any papers on behalf of Plaintiff in support of his second motion for entry of a default judgment. Therefore, the Court's references to "Plaintiff's attorney" refer to Mr. Liebowitz.

## II. BACKGROUND

Plaintiff brings this action for copyright infringement under Section 501 of the Copyright Act.  *See* Dkt. No. 1, Complaint, at ¶ 1.  Plaintiff, whose business is located in Denmark, is a professional photographer, who is in the business of licensing his photographs for a fee.  *See id.* at ¶ 5.  Plaintiff alleges that Defendant owns and operates a website at 222.SportsRantz.com (the "Website").  *See id.*

Plaintiff asserts that he photographed tennis player Caroline Wozniacki, is the author of that photograph (the "Photograph"), and at all times has been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.  *See id.* at ¶ 8.  Furthermore, Plaintiff states that he registered the Photograph with the United States Copyright Office, which issued him Copyright Registration Number VA 2-190-386.  *See id.* at ¶¶ 8-9.

According to Plaintiff, this action arises out of Defendant's unauthorized reproduction and public display of the copyrighted Photograph.  *See id.* at ¶ 1.  Specifically, Plaintiff alleges that Defendant ran an article on the Website entitled, *Caroline Wozniacki Retiring After 2020 Australian Open*, which featured the Photograph.  *See id.* at ¶ 10 (citing https://sportsrantz.com/2019/12/06/caroline-wozniacki-retiring-after-2020-australian-open/).  Plaintiff alleges that Defendant did not license the Photograph from him for its article nor did Defendant have his permission or consent to publish the Photograph on the Website.  *See id.* at ¶ 11.  Based on these allegations, Plaintiff asserts a claim for copyright infringement pursuant to 17 U.S.C. §§ 106, 502.  *See id.* at ¶¶ 12-16.

Plaintiff filed his first motion for entry of a default judgment on June 5, 2020.  *See* Dkt. No. 9.  In a Memorandum-Decision and Order dated October 5, 2020, the Court denied that motion because, among other things, Plaintiff had not submitted a Certificate of Registration for

the Photograph and, thus, "failed to satisfy the first element of his copyright infringement claim, *i.e.*, his ownership of a valid copyright." *See* Dkt. No. 16, Memorandum-Decision and Order, at 5. The Court's dismissal was without prejudice and with leave to renew within thirty days of the date of its Memorandum-Decision and Order. *See id.* at 16. On November 3, 2020, Plaintiff filed his second motion for entry of a default judgment, in which he sought $1,260.00 in actual damages under 17 U.S.C. § 504(b) and $440.00 in costs under Rule 54(d)(1) of the Federal Rules of Civil Procedure. *See* Dkt. No. 17 at 1.

### III. DISCUSSION[2]

**A.     Liability**

As the Court noted in its previous Memorandum-Decision and Order, to establish infringement of a copyright under the Act, a plaintiff must prove two elements: "'(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *BWP Media USA Inc. v. Polyvore, Inc.*, 922 F.3d 42, 61 (2d Cir. 2019) (Newman J., concurring in result) (quoting *Feist Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 359 (1991)).

Ownership of a valid copyright "'can be established by the introduction into evidence of a Copyright Office certificate of registration,'" which, "'if timely obtained "constitute(s) prima facie evidence of the validity of the copyright and of the facts stated in the certificate."'" *Sheldon v. Plot Commerce*, No. 15 CV 5885 (CBA) (CLP), 2016 WL 5107072, *11 (E.D.N.Y. Aug. 26,

---

[2] In its previous Memorandum-Decision and Order, the Court set forth the standard of review for a motion seeking entry of a default judgment. *See* Dkt. No. 16 at 3-4. Therefore, the Court will not repeat that standard herein.

2016) (quotation omitted), *report and recommendation adopted*, 2016 WL 5107058 (E.D.N.Y. Sept. 19, 2016).

In support of his second motion for entry of a default judgment, Plaintiff's attorney attached a copy of the Copyright Registration Certificate to his declaration.  *See* Dkt. No. 17-5, Exhibit "D."  This Copyright Registration Certificate provides that the Effective Date of Registration is December 27, 2019, and that the Registration Decision Date is February 11, 2020. *See id.* at 1.  In addition, in his Declaration, Plaintiff's attorney stated that, "[o]n or about December 6, 2019, Defendant re-published the Photograph on the Website [www.SportsRantz.com] in an article entitled 'Caroline Wozniacki Retiring After 2020 Australian Open.'"  *See* Dkt. No. 17-1 at ¶ 6.

Section 410(c) of Title 17 of the United States Code provides that, "[i]n any judicial proceedings the certificate of registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate.  The evidentiary weight to be accorded the certificate of a registration made thereafter shall be within the discretion of the court."  17 U.S.C. § 410(c).  According to the Certificate of Registration, the earliest publication date of the Photograph was December 4, 2002, which is approximately 17 years **before** Plaintiff filed his Certificate of Registration for the Photograph.  *See* Dkt. No. 17-5, Exhibit "D" at 1.  Thus, Plaintiff's registration of his copyright was not timely; and, therefore, the "Court has discretion over how much evidentiary weight to give to the registration certificate."  *Simhaq v. Kid Carter Touring, Inc.*, No. 20-CV-2057 (RPK) (RER), 2021 WL 3810754, *3 (E.D.N.Y. Aug. 11, 2021) (citing *Telerate Sys., Inc. v. Caro*, 689 F. Supp. 221, 227 (S.D.N.Y. 1988)).  However, because Defendant has not appeared in this action and, thus, has not offered any evidence to show that Plaintiff's Certificate

of Registration is invalid, the Court finds that Plaintiff has submitted prima facie evidence of his valid ownership of the Photograph and, therefore, has satisfied the first element of his copyright infringement claim. *See id.* (citing *Michael Grecco Photography, Inc. v. Everett Collection, Inc.*, 589 F. Supp. 2d 375, 382 (S.D.N.Y. 2008) (considering certificate of registration issued more than five years after publication prima facie evidence of valid copyrights because defendant did not offer evidence suggesting invalidity), *vacated in part on other grounds*, 2009 WL 969928 (Apr. 7, 2009))) (other citations omitted).

To establish the second element of a copyright infringement claim, a plaintiff must meet a "minimal" burden to show that the photograph in question is his original work and allege a violation of his exclusive right under § 106. *See Sheldon*, 2016 WL 5107072, at *11. "The requirements for originality are 'modest.'" *Gym Door Repairs, Inc. v. Young Equip. Sales, inc.*, 206 F. Supp. 3d 869, 896 (S.D.N.Y. 2016) (quoting *Weissmann v. Freeman*, 868 F.2d 1313, 1321 (2d Cir. 1989)). As used in copyright cases, the term "'[o]riginal . . . means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity.'" *Id.* (quoting *Feist*, 499 U.S. at 345, 111 S. Ct. 1282 (citation omitted)). For photographs, originality "may be founded upon, among other things, the photographer's choice of subject matter, angle of photograph, lighting, determination of the precise time when the photograph is to be taken, the kind of camera, the kind of film, the kind of lens, and the area in which the pictures are taken." *E. Am. Trio Prods., Inc. v. Tang Elec. Corp.*, 97 F. Supp. 2d 395, 417 (S.D.N.Y. 2000) (footnote omitted).

As noted, Plaintiff alleges that he is the author of the Photograph and that Defendant neither licensed the Photograph from him for its article nor had his permission or consent to publish the Photograph on the Website. *See* Complaint at ¶¶ 8, 11. These allegations are

sufficient to establish that Defendant violated Plaintiff's exclusive rights in the Photograph and; thus, Plaintiff has satisfied the second element of his copyright infringement claim.  *See Bittichesu v. Lucia Lighting & Design, Inc.*, No. 2:20 CV 1612 (PKC) (RML), 2021 WL 3354298, *3 (E.D.N.Y. June 28, 2021) (citing *Korzeniewski*, 2019 WL 312149, at *6 (finding that plaintiff's allegation that defendant reproduced and displayed plaintiff's image without plaintiff's consent was enough to establish that defendant violated plaintiff's exclusive rights in the image)).

Accordingly, for the above-stated reasons, the Court grants Plaintiff's second motion for entry of a default judgment on the issue of liability.

**B.    Damages and costs**

*1. Actual damages*

With regard to the issue of damages, Plaintiff alleges that, "as a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits . . . for the infringement."  *See* Complaint at ¶ 16.  In his declaration, Plaintiff's counsel states that, "[f]or violation of 17 U.S.C. § 501, Plaintiff seeks $1,500 in actual damages for copyright infringement."  *See* Dkt. No. 17-1 at ¶ 13.  *But see id.* at ¶ 15 (stating that "Plaintiff estimates that he would have been entitled to charge up to $1260.00 for use of the Photograph in the manner used by Defendant"); *id.* at ¶ 16 (stating that, "[u]nder the circumstances describe [sic] above, a $1,260 award is justified for Count I").

An award of actual damages "undertakes to compensate the [copyright] owner for any harm he suffered by reason of the infringer's illegal act."  *On Davis v. The Gap, Inc.*, 246 F.3d

152, 159 (2d Cir. 2001) (citations omitted).  Section 504(b) of the Act, which applies to actual damages, provides, in relevant part, that "[t]he copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement . . . ."  17 U.S.C. § 504(b).

"Courts have adopted a wide range of methods by which to measure actual damages in copyright infringement actions, including the award of lost licensing fees . . . ." *Antenna Television, A.E. v. Aegean Video Inc.*, No. 95-CV-2328 ERK, 1996 WL 298252, *3 (E.D.N.Y. Aug. 23, 1996) (citations omitted).  To calculate an award for licensing fees, courts in the Second Circuit rely on "the market value of the fee the owner was entitled to charge for such use." *On Davis*, 246 F.3d at 165; *see also Sheldon*, 2016 WL 5107072, at *13-*15 (applying *On Davis* to award actual damages in an amount "representing the licensing fees [the plaintiff] would have received had [the defendant] properly licensed [plaintiff's] Photograph from him").  A claim for actual damages must be "reasonable according to typical market values." *Sheldon*, 2016 WL 5107072, at *14 (citation omitted); *see also Renna v. Queens Ledger/Greenpoint Star Inc.*, No. 17-CV-3378 (DRH) (SIL), 2019 WL 1061259, *4 (E.D.N.Y. Feb. 13, 2019) (stating that "'some reasonable basis for computation [of actual damages] has to be used, even though the calculation may only be approximate'" (quotation omitted)).  Thus, an award of actual damages "'may not be based on "undue speculation."'" *Renna*, 2019 WL 1061259, at *4 (quotation omitted).

In his declaration, Plaintiff's counsel stated that "Plaintiff estimates that he would have been entitled to charge up to $1260.00 for use of the Photograph in the manner used by Defendant." *See* Dkt. No. 17-1 at ¶ 15.  He further stated that, to support this claim, he had attached "true and correct copies of screenshots from the website of Getty Images, the leading stock photography agency, showing that a similar photograph of a young Wozniacki licenses for

$1260.00 in use for digital media in the corporate or promotional format within the Sports industry (or the Publishing industry)." *See id.*

In *Bittichesu*, the plaintiff sought $1,025 in actual damages for lost licensing fees. *See Bittichesu*, 2021 WL 3354298, at *4 (citing Liebowitz Decl. ¶¶ 14, 16-17). To support this claim, the plaintiff, similarly to Plaintiff in this case, submitted a quotation for a three-year license of a comparable photograph that Getty Images, Inc. offered. *See id.* (citing [Liebowitz Decl. at] ¶ 18, Ex. D). The court noted, however, that the "plaintiff ha[d] neither explained nor provided evidence demonstrating why the price of a three-year license should serve as the benchmark for actual damages here." *Id.* The court also found it significant that the "plaintiff did not submit any evidence of his prior licensing agreements for any photographs, much less the Photograph itself, to establish a reasonable duration for a license of an image." *Id.* (citing *Pasatieri*, 2020 WL 207352, at *4 (describing an actual damages estimate as "undue speculation" in the absence of "documentary evidence -- such as invoices for Plaintiff's past licensing fees")).

The court found that, "[w]ithout explaining why a three-year license approximates plaintiff's actual damages, basing an actual damages award on that duration amounts to undue speculation because the court has no assurance that the figure is not unrealistically exaggerated." *Id.* Moreover, the court noted that, in the past, when it had "granted relief in the form of actual damages for copyright infringement of photographs, it ha[d] found a reasonable basis in evidence of the plaintiff's prior licenses." *Id.* (citations omitted). Nonetheless, the court concluded that "the Getty Images licensing fee d[id] provide a reasonable basis for calculating damages for a license of lesser duration because the image resemble[d] the Photograph and its usage specifications mirror[ed] defendant's infringing use of the Photograph." *Id.* (citing Compl, Ex.

B; Liebowitz Decl. ¶ 18, Ex. D); *Terry v. Masterpiece Advert. Design*, 17 CV 8240, 2018 WL 3104091, at *4 (S.D.N.Y. June 21, 2018) (calculating damages by adjusting quoted Getty Images pricing and specifications to match defaulting defendant's infringing use)). Therefore, the court recommended that the district court award the plaintiff "$342 in actual damages -- the approximate value of a one-year license of the Photograph based on the Getty Images quote." *Id.* (citation omitted).[3] Finally, the court noted that this recommendation "align[ed] with the decision in *Mango* to award the minimum licensing fee established by plaintiff in the absence of evidence of actual damages beyond that amount." *Id.* (citing *Mango*, 2019 WL 4262018, at *2) (other citation and footnote omitted); *see also Redinger v. Art of Edibles*, No. 20 CV 1685 (AMD) (RML), 2021 WL 3193313, *4 (E.D.N.Y. June 28, 2021) (where the plaintiff submitted a $1,260 quote for a five-year license of a comparable photograph that Getty Images, Inc. offered, the court recommended an award of $375 in damages, which was "the approximate value of a one-year license of the Photograph based on the Getty quote for the medium-sized version of the benchmark image" (citation omitted)).

In the present case, the Getty Images quotation for a similar photograph of Caroline Wozniacki, which Plaintiff's counsel attached as Exhibit "E" to his Declaration, appears to license that photograph "Up to 1/2 page" for a duration of "Up to 5 years" for $1,260.00. *See* Dkt. No. 17-6, Exhibit "E." Since Plaintiff did not submit any evidence of any prior licenses for the Photograph, and the Getty Images license of a similar photograph appears to be for 5 years,

---

[3] The district court in *Bittichesu*, issued an Order, dated August 10, 2021, adopting this recommendation and entered a default judgment in the plaintiff's favor against the defendant, awarding the plaintiff $342 in actual damages and $440 in costs under the Copyright Act, totaling $782. *See Bittichesu v. Lucia Lighting & Design, Inc.*, 1:20-cv-01612-PKC-RML (E.D.N.Y.), Dkt. No. 21.

the Court awards Plaintiff $252.00 in actual damages, *i.e.*, one-fifth of the five-year Getty Images license.

### *2. Costs*

Plaintiff seeks $440.00 in costs, consisting of the Court's $400.00 filing fee and $40.00 for service of process. *See* Dkt. No. 17-1 at ¶ 17. Although in his Declaration Plaintiff's attorney states that Plaintiff seeks these costs under Rule 54(d) of the Federal Rules of Civil Procedure, *see id.*, because this is a copyright infringement action, "the Court's discretion to award costs is governed by § 505 of the Act rather than the more general cost-shifting provision." *Pasatieri v. Starline Prods., Inc.*, 18-CV-4688 (PKC) (VMS), 2020 WL 207352, *5 (E.D.N.Y. Jan. 14, 2020) (citing *Barrera v. Brooklyn Music, Ltd.*, 346 F. Supp. 2d 400, 404-05 (S.D.N.Y. 2004)).

Section 505 of the Act provides, in pertinent part, as follows: "In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. . . ." 17 U.S.C. § 505. "'Courts typically award "those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged to fee-paying clients."'" *Bittichesu*, 2021 WL 3354298, *5 (quoting *LG Cap. Funding, LLC v. Solar Energy Initiatives, Inc.*, No. 19 CV 907, 2019 WL 7630792, at *6 (E.D.N.Y. Nov. 1, 2019), *report and recommendation adopted*, 2020 WL 364078 (E.D.N.Y. Jan. 22, 2020) (quoting *Reichman v. Bonsignore, Brignati & Mazzotta, P.C.*, 818 F.2d 278, 283 (2d Cir. 1987))) (other citation omitted). The party seeking costs has the burden of adequately documenting and itemizing the costs that he is requesting. *See id.* (quotation omitted).

Plaintiff has itemized the requests costs, which are for out-of-pocket expenses incurred in this litigation. Therefore, the Court awards Plaintiff $440 in costs.

## IV. CONCLUSION

Accordingly, for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's second motion for entry of a default judgment, *see* Dkt. No. 17, is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter a default judgment in favor of Plaintiff against Defendant in the amount of **$692.00**, comprised of $252.00 in actual damages and $440.00 in costs.

**IT IS SO ORDERED.**

Dated: October 12, 2021
Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge